# United States Court of Appeals
## For the First Circuit

No. 05-2543

LIZZETTE SANTIAGO-DÍAZ,

Plaintiff, Appellant,

v.

LABORATORIO CLÍNICO Y DE REFERENCIA
DEL ESTE AND SARA LÓPEZ, M.D.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Boudin, Chief Judge,
Selya, Circuit Judge,
and Saris,* District Judge.

Rudolph C. Campbell Valdez and Julio Gil de Lamadrid on brief for appellant.

Arturo Díaz-Angueira, Roberto Feliberti, and Cancio, Nadal, Rivera & Díaz, P.S.C., on brief for corporate appellee.

Igor J. Dominguez and Igor J. Dominguez Law Offices on brief for individual appellee.

August 8, 2006

*Of the District of Massachusetts, sitting by designation.

**SELYA**, **Circuit Judge**.   On March 26, 2003, plaintiff-appellant Lizzette Santiago-Díaz brought a diversity suit in the United States District Court for the District of Puerto Rico, see 28 U.S.C. § 1332(a), alleging medical malpractice in connection with the performance of a total abdominal hysterectomy.   Following more than two years of backing and filling on the plaintiff's part, punctuated by persistent noncompliance with court orders and discovery rules, the district judge dismissed the action with prejudice.   The plaintiff appeals.   We affirm.

We need not tarry.   The docket reflects that, under a case-management order issued on August 12, 2003, the parties were directed to adhere to the following deadlines: (i) the filing of a discovery plan by September 8, 2003; (ii) the filing of a joint case-management memorandum by October 6, 2003; (iii) the completion of discovery by March 22, 2004; and (iv) the filing of a joint pretrial order by June 7, 2004.

No discovery plan was ever filed.   The defendants,[1] professing a lack of cooperation on the part of the plaintiff's attorney, filed their portions of the joint case-management memorandum with the district court.   On December 10, 2003 — more than two months after the due date — the district court ordered the

---

[1]We use the term "defendants" to refer to Laboratorio Clínico y de Referencia del Este and Dr. Sara López, who are the only appellees and, for aught that appears, the sole remaining defendants.

plaintiff to file her portion of the memorandum by December 19 or face sanctions (which, the court warned, might include dismissal of the case). When this order produced no response, the court instructed the plaintiff to show cause why her case should not be dismissed.

On January 22, 2004, the plaintiff replied. With respect to timing, she asserted that she had initially filed her portion of the joint case-management memorandum on October 9, 2003 (a date that was beyond the due date) and had attempted, in a submission dated December 17, 2003, to inform the court of that filing. She explained, however, that her counsel inadvertently filed the December submission under the wrong docket number.[2] With respect to substance, the plaintiff's submission merely stated that "[a]t this time, there are no expert witnesses, however, Plaintiff expects to retain one shortly." Without commenting on the plaintiff's excuses, the district court allowed the case to proceed.

On May 3, 2004, the defendants moved either to dismiss the action for failure to prosecute, see Fed. R. Civ. P. 41(b), or to enter judgment for failure to make discovery. The defendants complained particularly that the plaintiff had neither identified an expert witness who could substantiate her medical malpractice

---

[2]The plaintiff offered no explanation, then or thereafter, as to why the October submission, if duly filed with the clerk, had not made its way into the case file.

claims nor provided any expert reports.  <u>See</u> Fed. R. Civ. P. 26(a)(2).

In an untimely opposition, the plaintiff effectively conceded her failure to comply with the case-management order. Attempting to confess and avoid, she rejoined variously that she had not received the defendants' interrogatories; that she was poised to complete discovery if allowed more time; that she had her expert witnesses ready; that she had done all that she could; and that her best-foot-forward approach to the complexities of the litigation warranted a denial of the defendants' motion.

On June 7, 2004, the defendants submitted their portions of the proposed joint pretrial order, complaining, however, that they had not been able to cajole the plaintiff's participation in the process.  The plaintiff made no comparable submission.

In the same time frame, the defendants again moved for dismissal or, in the alternative, for preclusion of any expert testimony in the plaintiff's behalf.  The defendants premised this motion on the plaintiff's failure timely to submit her portions of the joint case-management memorandum and pretrial order, her refusal to engage with the defendants' counsel on those submissions, her unwillingness to announce her expert witnesses, and her failure to produce an expert report.  The plaintiff received an extension of time to oppose this motion and, on July 6, 2004, inexplicably filed copies of the same opposition papers that

she previously had submitted in response to the original dispositive motion.

Citing the plaintiff's persistent flouting of court orders and rules, the district judge granted the defendants' motion to preclude the plaintiff's expert testimony. The judge simultaneously ordered the plaintiff to show cause why the complaint should not be dismissed given her inability to substantiate her claims through expert testimony. The plaintiff responded that she had both identified her expert and provided his report to the defendants. In an effort to validate that claim, she submitted the curriculum vitae of José A. Rodríguez Robles, M.D. (Dr. Rodríguez), along with a one-page statement dated October 26, 2004. This statement, even if taken at face value, did not by any stretch of the most fertile imagination meet the criteria set by the Civil Rules for expert witness reports. See Fed. R. Civ. P. 26(a)(2)(B).

The defendants disputed the plaintiff's claim of compliance on divers grounds. Equally unimpressed, the district court concluded that the plaintiff had failed to show good cause and dismissed the action on August 19, 2005, pursuant to Fed. R. Civ. P. 16(f), Local Rule 16(g), and its inherent authority. This timely appeal followed.

We begin our substantive discussion with the bedrock proposition that federal courts possess wide-ranging power to

sanction parties who repeatedly balk at complying with court-imposed deadlines. See, e.g., Nat'l Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976). This authority extends to the enforcement of case-management orders. Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45-46 (1st Cir. 2002). Thus, "when noncompliance occurs, the court may choose from a broad universe of possible sanctions." Id. at 46.

Where, as here, a party aspires to disclose expert evidence out of time and the trial court opts to exclude it, we review that determination for abuse of discretion. See, e.g., Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003). This standard of review obtains both as to the finding that a discovery violation occurred and as to the appropriateness of the sanction selected. See Thibeault v. Square D Co., 960 F.2d 239, 243 (1st Cir. 1992). A party who strives to overturn the trial court's exercise of its discretion with respect to such a sanction order must carry a heavy burden. See Gagnon v. Teledyne Princeton, Inc., 437 F.3d 188, 191 (2006); Macaulay, 321 F.3d at 51; see also Torres-Vargas v. Pereira, 431 F.3d 389, 392 (1st Cir. 2005).

On appeal, the plaintiff concentrates her fire on the order of preclusion. She asseverates that she substantially complied with her discovery obligations through submission of Dr. Rodríguez's one-page "written report" and that, in all events, any

delinquency on her part did not prejudice the defendants. These asseverations lack force.

The plaintiff's argument that she substantially complied with her expert witness discovery obligations is substantially incorrect. Rule 26(a)(2)(A) requires a party to "disclose to other parties the identity of any person who may be used at trial to present [expert] evidence." This disclosure must be "accompanied by a written report," which is to contain:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B). The disclosures are to be made "at the times and in the sequence directed by the [district] court." Fed. R. Civ. P. 26(a)(2)(C).

In the case at bar, the district court augmented this regime through its case-management order. That order prescribed the information that the case-management memorandum was to cover and required the plaintiff, among other things, to announce her expert witness within the structure of the case-management memorandum and, when doing so, to "provide a curriculum vitae and

report containing a discussion of elements of cause and effect, diagnosis, and prognosis." The case-management order also required the parties to file a proposed joint pretrial order, which was to include all the disclosures anent expert witnesses mandated by both the Civil Rules and the Local Rules, "including a brief and general statement" about the anticipated testimony of each such expert witness. D.P.R.R. 16(d)(8).

Here, the discovery violations are patent. The plaintiff's filings were consistently out of time.[3] Furthermore, the substance of the belated disclosures — one consisting of one line, the other consisting of one page — does not come within a country mile of satisfying the requirements of either the case-management order or the Civil Rules. After all, the case-management order and Rule 26(a)(2)(B) both called for the parties to make explicit and detailed expert disclosures. The plaintiff's one-line statement did not even identify an expert, let alone satisfy the mandated disclosure requirements. In short, that attempt at compliance was too little as well as too late. See Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)

---

[3]To be sure, the plaintiff says that she did essay a filing in October of 2003 — but that filing (itself late) never made its way to the docket. There is no indication that the plaintiff diligently tried to monitor the docket to ensure that the record properly reflected her filing. See, e.g., Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314 (1st Cir. 1998) (explaining that a party is "fully chargeable with knowledge of what the docket disclosed").

(stating that "litigants have an unflagging duty to comply with clearly communicated case-management orders").

The plaintiff did not elaborate on her proposed expert evidence until (on the most favorable reading of the record) seven months after the close of discovery. At that time, she identified her expert witness. The one-page statement of the expert's opinion, submitted to the court more than one month later, did not by any means satisfy her obligation to provide an expert report. See Fed. R. Civ. P. 26(a)(2)(B). That statement consists of two conclusory paragraphs. Among other deficiencies, it does not contain a list of Dr. Rodríguez's publications; it does not spell out his compensation arrangement; and it does not enumerate the other cases in which he testified as an expert. These are significant omissions. See Pena-Crespo v. Puerto Rico, 408 F.3d 10, 13-14 (1st Cir. 2005). To add insult to injury, it was not until March 2005, one year after the close of discovery and several months after the preclusion of her expert evidence, that plaintiff finally produced a more comprehensive expert statement, which she now seeks to use in support of her appellate argument.

The question, then, reduces to the legitimacy of the sanction imposed. The baseline rule is that "the required sanction in the ordinary case is mandatory preclusion." Lohnes v. Level 3 Commc'ns, Inc., 272 F.3d 49, 60 (1st Cir. 2001) (citation and internal quotation marks omitted); see Fed. R. Civ. P. 37(c)(1)

-9-

(providing that a party who "without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use" the non-disclosed witness or information in later proceedings).

Still, preclusion is not a strictly mechanical exercise; district courts have some discretion in deciding whether or not to impose that onerous sanction. See, e.g., Jackson v. Harvard Univ., 900 F.2d 464, 468-69 (1st Cir. 1990). In passing upon a district court's decision to order preclusion, an appellate court should consider an array of factors, including "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects." Macaulay, 321 F.3d at 51.

Here, the plaintiff's need for expert testimony cuts in her favor. The remaining factors, however, all cut in the opposite direction. First and foremost, the history of the litigation casts a pall over the plaintiff's position. Her dereliction was both obvious and repeated. We have warned that "a litigant who ignores a case-management deadline does so at his peril." Rosario-Diaz, 140 F.3d at 315. We likewise have warned that a party's "violation of a time-specific order [is] not cured by subsequent compliance at his leisure." Young v. Gordon, 330 F.3d 76, 82-83 (1st Cir. 2003).

-10-

The preclusion order in this case illustrates that chickens sometimes come home to roost.[4]

Second, the plaintiff advanced no plausible (let alone substantial) justification for her shortcomings. Any colorable excuse must be culled from the plaintiff's jumbled protest that she was paralyzed by a case-management order that was designed for multiple defendants. But the need for prompt witness identification and disclosure of her proposed expert testimony should have been evident no matter how few or how many defendants ultimately remained in the case.

Third, the plaintiff's importuning that her noncompliance caused no harm to the defendants is wishful thinking. The record is replete with instances in which the plaintiff refused to work cooperatively with the defendants in creating an efficient discovery process. Furthermore, the plaintiff's foot-dragging in announcing her expert and providing his report deprived the defendants of the opportunity to depose him, impeach his credentials, pursue countering evidence, or generally prepare their defenses. Factoring in the time and expense caused by the plaintiff's misfeasance, see Primus v. United States, 389 F.3d 231,

---

[4]The record makes manifest that the plaintiff was guilty of several discovery violations besides those related to her expert witness (e.g., she never submitted or participated in the drafting of the pretrial order, nor did she ever furnish responses to the defendants' interrogatories). While we need not dwell on these peccadillos, they are part and parcel of the history of the litigation.

236 (1st Cir. 2004), the harm to the defendants is, as the district court determined, palpable.[5]

Last — but far from least — the district court has an interest in the efficient management of its docket. Whenever a party, without good cause, neglects to comply with reasonable deadlines, the court's ability to manage its docket is compromised. Courts are entitled to take sensible measures to guard against such debilitating occurrences. See Young, 330 F.3d at 83 (reaffirming the court's "institutional interest" in ensuring compliance with discovery deadlines).

The short of it is that the facts of this case fit well within the factual constellations that have supported the imposition of preclusionary sanctions in other cases. See, e.g., Primus, 389 F.3d at 234-36; Macaulay, 321 F.3d at 50-53; Wilson v. Bradlees of New Engl., Inc., 250 F.3d 10, 19-21 (1st Cir. 2001); Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo y Beneficiencia, 248 F.3d 29, 31-36 (1st Cir. 2001). Consequently, the district court did not abuse its discretion in ruling that the plaintiff's failures timely to disclose the identity of her expert and to furnish a proper expert witness report were both

---

[5]The plaintiff's argument that there was no prejudice to the defendants because discovery was in an "infant stage" turns the discovery schedule on its head. For aught that appears, the lack of progress in discovery was caused entirely by the plaintiff's dilatoriness.

substantially unjustified and harmful. Accordingly, we uphold the preclusion order.

That effectively ends the matter. Having concluded that the district court's preclusion of the plaintiff's expert evidence was well within its discretion, it follows, virtually a fortiori, that the lower court did not err in dismissing the action. We explain briefly.

In proving the elements of a medical malpractice case under Puerto Rico law, a plaintiff generally is required to draw upon expert testimony. See, e.g., Marcano Rivera v. Turabo Med. Ctr. P'ship, 415 F.3d 162, 168 (1st Cir. 2005). With no expert testimony available to the plaintiff, dismissal was an appropriate next step. See Ortiz-Lopez, 248 F. 3d at 36-37 (dismissing action because, without a medical expert, the plaintiffs could not prove their claims); cf. Thibeault, 960 F.2d at 241 (holding dismissal appropriate when plaintiff conceded that he could not make out a case without the precluded expert evidence). At any rate, the record is barren of any showing as to why the action should not be dismissed in light of the limited evidentiary avenues still open to the plaintiff.

We need go no further. The record reflects that the plaintiff, on multiple occasions, failed to comply with her discovery obligations. The district judge displayed the utmost patience with the plaintiff in the face of continued recalcitrance.

On this record, there is no principled way to find that the court abused its discretion either in precluding the plaintiff's use of a late-disclosed expert or in dismissing her action.

**<u>Affirmed</u>**.